UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SEAN GREGORY JOHNSON,<br><br>           Plaintiff,<br><br>    v.<br><br>JAMES A. YATES, et al.,<br><br>           Defendants.<br>_____/ | CASE NO.   1:10-cv-00872-MJS (PC)<br><br>ORDER DISMISSING PLAINTIFF'S COMPLAINT WITH LEAVE TO AMEND<br><br>(ECF No. 1)<br><br>AMENDED COMPLAINT DUE WITHIN THIRTY (30) DAYS |

**SCREENING ORDER**

**I.    PROCEDURAL HISTORY**

On May 17, 2010, Plaintiff Sean Gregory Johnson, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983. (ECF No. 1.) Plaintiff consented to Magistrate Judge jurisdiction. (ECF No. 5.) Plaintiff's Complaint is now before the Court for screening.

**II.    SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief

1

against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous, malicious," or that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

Section 1983 "provides a cause of action for the 'deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States." Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere. Graham v. Connor, 490 U.S. 386, 393-94 (1989).

### III.  SUMMARY OF COMPLAINT

The Complaint alleges the following Pleasant Valley State Prison ("PVSP") officials violated Plaintiff's rights under the Eighth Amendment: (1) James A. Yates, Warden; (2) Dr. F. Igbinoza; and (3) John Does one through five.

Plaintiff alleges the following:

In September, 2008 Plaintiff began experiencing symptoms of Valley Fever. (Compl. at 4.) On November 12, 2008 he tested positive for Valley Fever. (Id. at 4, 10.) "Plaintiff lost approximately thirty (30) pounds in weight, suffered intense pain throughout his entire body, was extremely fatigued, had night sweats, muscle fatigue, difficulty in sleeping, sweating, [and] chills . . . ." (Id. at 3.) Plaintiff was medicated with Difulca to

2

combat the Valley Fever and "Boost" to regain lost weight.  However, Plaintiff's prescriptions were inadequate and administered sporadically.  Plaintiff was not warned of Valley Fever's prevalence at PVSP, he was not instructed on how to mitigate the risk of contraction, and he was not provided with a surgical mask, even on windy days.  (Id. at 6.)

## IV.   ANALYSIS

To state a claim under Section 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243, 1245 (9th Cir. 1987).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'"  Id.  Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not.  Id. at 1949-50.

### A.   Section 1983 Linkage Requirement

Under § 1983, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights.  Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).  This requires the presentation of factual allegations sufficient to state a plausible

claim for relief. Iqbal, 129 S.Ct. at 1949-50; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The mere possibility of misconduct falls short of meeting this plausibility standard. Id.

The statute clearly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by the plaintiff. See Monell v. Department of Social Services, 436 U.S. 658 (1978). Government officials may not be held liable for the actions of their subordinates under a theory of respondeat superior. Iqbal, 129 S.Ct. at 1948. Since a government official cannot be held liable under a theory of vicarious liability in § 1983 actions, Plaintiff must plead sufficient facts showing that the official has violated the Constitution through his own individual actions. Id. at 1948. In other words, to state a claim for relief under § 1983, Plaintiff must link each named defendant with some affirmative act or omission that demonstrates a violation of Plaintiff's federal rights.

Plaintiff alleges no facts whatsoever to connect Yates to the alleged Eighth Amendment violation.

Plaintiff alleges Dr. Igbinoza was responsible for Plaintiff's care, knew of the inadequate care, and failed to prevent or correct the violations. However, Plaintiff offers only conclusions; he provides no substantive factual allegations in support of his claims. Without specific factual allegations detailing Igbinoza's knowledge and participation in the alleged violations, Plaintiff does not state a plausible claim for relief against Defendant Igbinoza.

In order to state a claim against either Yates or Igbinoza, Plaintiff must allege truthful facts demonstrating that the Defendants made an affirmative act or omission that

4

contributed to the alleged Eighth Amendment violations.

### B. John Does 1-5

"John Doe" defendant liability must be properly alleged. A plaintiff may use "Doe" designations to refer to defendants whose names are unknown; however, he must number them in the complaint, e.g., "John Doe 1," "John Doe 2," or otherwise distinguish each defendant, e.g., "Gang Unit Interviewer John Doe," so that every John Doe refers to a different specific person. Plaintiff also must identify how each such named defendant, including those named as Doe, is liable for a constitutional violation. Dempsey v. Schwarzenegger, 2010 WL 1445460, *2 (N.D. Cal. Apr. 9, 2010); Schrubb v. Tilton, 2009 WL 3334874, *2 (N.D. Cal. Oct. 14, 2009).

Plaintiff names five John Does as Defendants in this action but does not distinguish among them or explain how any of them participated in the alleged constitutional violations. The Court cannot determine whether a cognizable claim has been stated against any of the John Does until Plaintiff distinguishes them by number and connects each individually to the allegedly wrongful conduct.

In order to give Plaintiff an opportunity to link these Doe Defendants to the alleged acts or omissions that violated Plaintiff's federal rights, the Court shall grant Plaintiff leave to amend. In his amended complaint, Plaintiff shall either name the defendants involved or list the number of Doe defendants involved. If Plaintiff can only list these defendants as John Doe, Plaintiff should allege specific acts attributed to each of these Doe defendants, such as "John Doe 1 did X" and "John Doe 2 and 3 did Y." Alexander v. Tilton, 2009 WL 464486, *5 (E.D. Cal. Feb. 24, 2009).

///

### C. Eighth Amendment

#### 1. Inadequate Medical Care

Plaintiff claims that he received inadequate medical care in violation of the Eighth Amendment. "[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)).

The two part test for deliberate indifference requires the plaintiff to show (1) "'a serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096 (quoting McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133 (9th Cir. 1997) (en banc) (internal quotations omitted)).

Deliberate indifference is shown by "a purposeful act or failure to respond to a prisoner's pain or possible medical need, and harm caused by the indifference." Jett, 439 F.3d at 1096 (citing McGuckin, 974 F.2d at 1060). The complete denial of medical attention may constitute deliberate indifference. Toussaint v. McCarthy, 801 F.2d 1080, 1111 (9th Cir. 1986). Delay in providing medical treatment, or interference with medical treatment, may also constitute deliberate indifference. Lopez v. Smith, 203 F.3d 1122, 1131 (9th Cir. 2000). Where delay is alleged, however, the prisoner must also demonstrate that the delay led to further injury. McGuckin, 974 F.2d at 1060. In order to state a claim for violation of the Eighth Amendment, a plaintiff must allege sufficient facts

to support a claim that the named defendants "[knew] of and disregard[ed] an excessive risk to [Plaintiff's] health . . . ." Farmer v. Brennan, 511 U.S. 825, 837 (1994). '[A] difference of opinion between a prisoner-patient and prison medical authorities regarding treatment does not give rise to a § 1983 claim.'" Turner v. Greenman, 2011 WL 1343120, *3 (E.D. Cal. Apr. 7, 2011) (quoting Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981).

"[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." Estelle, 429 U.S. at 106. The Ninth Circuit has held that mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980) (citing Estelle, 429 U.S. at 105-06). To state an Eighth Amendment claim in this case, Plaintiff must show that the "course of treatment the doctors chose was medically unacceptable under the circumstances" and "that they chose this course of treatment in conscious disregard of an excessive risk to [Plaintiff's] health." Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996).

Plaintiff alleges that medical staff at PVSP treated him for significant weight loss and fatigue along with numerous other symptoms. The Court finds that Plaintiff has adequately alleged a serious medical need and has satisfied the first element of his Eighth Amendment claim. See Doty v. County of Lassen, 37 F.3d 540, 546 (9th Cir. 1994) ("serious" medical conditions are those a reasonable doctor would think worthy of comment, those which significantly affect the prisoner's daily activities, and those which are

chronic and accompanied by substantial pain).

However, Plaintiff has not satisfied the second element of his Eighth Amendment claim. He has not pled facts reflecting Defendants' deliberate indifference. The Complaint is vague in this regard. In an affidavit attached to the Complaint, Plaintiff avers: (1) his medications were stopped prematurely, or renewed after months of delay or both; (2) no extra linen was provided despite his night sweats; and (3) although his Valley Fever became symptomatic in September, 2008, he was not tested until November 12, 2008. He does not attribute these alleged shortcomings to any particular defendant nor provide enough detail for the Court to evaluate whether they allege deliberate indifference. Plaintiff will be given leave to amend and provide more information.

Before the Court can determine whether Plaintiff has stated a cognizable claim about the enumerated violations, Plaintiff must provide additional facts describing how exactly each Defendant knew or should have known of Plaintiff's serious medical need and how each Defendant acted deliberately indifferent towards it.

2.     Conditions of Confinement

The Complaint contains factual allegations regarding the conditions of confinement at PVSP with respect to Valley Fever and the risk of infection at the prison. Plaintiff alleges that he was not warned of Valley Fever's prevalence at PVSP, he was not given instruction on mitigating the risk of contraction, and was not provided with a surgical mask, even on windy days.

The courts of this district have found that claims based solely on Valley Fever exposure and contraction fail to satisfy the first prong of the Eighth Amendment analysis, i.e., that the deprivation is sufficiently serious. Cooper v. Yates, 2010 WL 4924748, *2

(E.D. Cal. Nov. 29, 2010) (citing King v. Avenal State Prison, 2009 WL 546212, *4 (E.D. Cal. Mar. 4, 2009)). However, an increased risk of infection may rise to a serious medical need and satisfy the first prong of the Eighth Amendment analysis. See Hunter v. Yates, 2009 WL 233791, *3 (E.D. Cal. Jan. 30, 2009) (Allegations that Plaintiff was subjected to an increased risk of infection sufficient to state a cognizable claim.)

Plaintiff alleges no facts that would enable the Court to determine if the Defendants had any duty to warn Plaintiff or offer prophylactic steps to prevent Valley Fever. Should he chose to amend his Complaint, Plaintiff must supply truthful facts indicating that the Defendants had and deliberately disregarded a duty to act as alleged.

## V.   CONCLUSION AND ORDER

Plaintiff's complaint does not state a claim for relief under section 1983. The Court will grant Plaintiff an opportunity to file an amended complaint. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). If Plaintiff opts to amend, he must demonstrate that the alleged acts resulted in a deprivation of his constitutional rights. Iqbal, 129 S.Ct. at 1948-49. Plaintiff must set forth "sufficient factual matter . . . to 'state a claim that is plausible on its face.'" Id. at 1949 (quoting Twombly, 550 U.S. at 555 (2007)). Plaintiff must also demonstrate that each named Defendant personally participated in a deprivation of his rights. Jones, 297 F.3d at 934.

Plaintiff should note that although he has been given the opportunity to amend, it is not for the purposes of adding new claims. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). Plaintiff should carefully read this Screening Order and focus his efforts on curing the deficiencies set forth above.

Finally, Plaintiff is advised that Local Rule 220 requires that an amended complaint

be complete in itself without reference to any prior pleading.  As a general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once an amended complaint is filed, the original complaint no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.  The amended complaint should be clearly and boldly titled "First Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury.  Plaintiff's amended complaint should be brief.  Fed. R. Civ. P. 8(a).  Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ."  Twombly, 550 U.S. at 555 (citations omitted).

Accordingly, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff (1) a blank civil rights complaint form and (2) a copy of his complaint, filed May 17, 2010;

2. Plaintiff's complaint is dismissed for failure to state a claim upon which relief may be granted;

3. Plaintiff shall file an amended complaint within thirty (30) days; and

4. If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim and failure to prosecute.

IT IS SO ORDERED.

Dated:   October 30, 2011             /s/ *Michael J. Seng*
ci4d6                                 UNITED STATES MAGISTRATE JUDGE