1

2

3

4

5

6

7                        UNITED STATES DISTRICT COURT

8                        EASTERN DISTRICT OF CALIFORNIA

9    SEAN GREGORY JOHNSON,                CASE NO. 1:10-CV-00872-MJS (PC)

10                      Plaintiff,         ORDER DISMISSING ACTION FOR
                                           FAILURE TO STATE A CLAIM AND
11        v.                               FAILURE TO PROSECUTE

12

13   JAMES A. YATES, et al.,              (EFC NO. 7)

14                     Defendants.         CLERK TO CLOSE FILE

15                                         DISMISSAL IS SUBJECT TO 28 U.S.C. §
                                           1915(g)
16   _____/

17

18

19

20        On May 17, 2010, Plaintiff Sean Gregory Johnson, a state prisoner proceeding

21   pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983.

22   (ECF No. 1.) Plaintiff consented to Magistrate Judge jurisdiction. (ECF No. 5.) After

23   screening, Plaintiff's original Complaint was dismissed, but he was given leave to amend

24   provided he did so on or before December 5, 2011. (ECF No. 6.)

25

26

27

                                           -1-

1    Plaintiff failed to file an amended complaint by December 5, 2011. The Court

2  issued an Order to Show Cause requiring that an amended complaint be filed by

3  January 20, 2012 or cause be shown why the action should not be dismissed for failure

4
   to state a claim and failure to prosecute. (ECF No. 7.) Plaintiff failed to file an amended
5
   complaint by January 20, 2012 or otherwise respond to the Court's Order to Show
6
7  Cause.

8    Local Rule 110 provides that "failure of counsel or of a party to comply with these

9  Rules or with any order of the Court may be grounds for imposition by the Court of any

10
   and all sanctions . . . within the inherent power of the Court." District courts have the
11
   inherent power to control their dockets and "in the exercise of that power, they may
12
13 impose sanctions including, where appropriate . . . dismissal of a case." Thompson v.

14 Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based

15 on a party's failure to prosecute an action, failure to obey a court order, or failure to

16 comply with local rules. See e.g., Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995)

17 (dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258,

18
   1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring
19
20 amendment of complaint); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986)

21 (dismissal for lack of prosecution and failure to comply with local rules).

22    In determining whether to dismiss an action for lack of prosecution, failure to obey

23 a Court order, or failure to comply with local rules, the Court must consider several

24
   factors: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need
25
   to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy
26
27 favoring disposition of cases on their merits; and (5) the availability of less drastic

1  alternatives.  Thompson, 782 F.2d at 831; Henderson, 779 F.2d at 1423-24; Malone v.

2  U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987); Ferdik, 963 F.2d at 1260-61;

3  Ghazali, 46 F.3d at 53.

4
       In the instant case, the Court finds that the public's interest in expeditiously
5
   resolving litigation and the Court's interest in managing its docket weigh in favor of
6
7  dismissal.  In these respects, the Court simply can not, and should not, indulge this

8  Plaintiff's blatant disregard of its orders; the Court has a vast caseload before it. The

9  third factor, risk of prejudice to the defendant, also weighs in favor of dismissal, since a

10 presumption of injury arises from delay in resolving an action.  Anderson v. Air West,

11
   542 F.2d 522, 524 (9th Cir. 1976).  The fourth factor -- public policy favoring disposition
12
13 of cases on their merits -- is greatly outweighed by the factors in favor of dismissal

14 discussed herein.

15
       Given Plaintiff's non-responsiveness to the Court's earlier orders and his pro se
16
   and in forma pauperis status, "less drastic alternatives" other than those taken to date
17
18 (i.e., repeated orders to comply) do not exist and the ultimate sanction of dismissal is

19 warranted.  Malone, 833 at 132-33.

20 ////////

21 ////////

22 ////////

23 ////////

24 ////////

25 ////////

26 ////////

27

1    Based on the foregoing, it is HEREBY ORDERED that:

2    1.    Plaintiff's action be dismissed for failure to state a claim upon which relief

3          could be granted and failure to prosecute.

4
     2.    The Clerk shall close the case.
5

6    3.    This dismissal is subject to the "three strikes" provision set forth in 28

7          U.S.C. § 1915(g). <u>Silva v. Di Vittorio</u> 658 F.3d 1090 (9th Cir. 2011).

8

9    IT IS SO ORDERED.

10

11   Dated:    March 6, 2012                    /s/ *Michael J. Seng*

12   ci4d6                              UNITED STATES MAGISTRATE JUDGE

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27